IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| TRI-STATE GENERATION AND TRANSMISSION ASSOCIATION, INC., and PLATTE RIVER POWER AUTHORITY<br><br>*Petitioners*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF ENERGY, and CHRIS WRIGHT, Secretary, UNITED STATES DEPARTMENT OF ENERGY,<br><br>*Respondents*. | Case No. 26-1101<br>(Consolidated with Nos. 26-1059 and 26-1060) |

# TRI-STATE GENERATION AND TRANSMISSION ASSOCIATION, INC., AND PLATTE RIVER POWER AUTHORITY'S MOTION TO GOVERN FUTURE PROCEEDINGS

For nearly a year, Petitioners Tri-State Generation and Transmission Association, Inc., and Platte River Power Authority (together, "Craig Petitioners") have been burdened by a succession of "emergency" orders that the Department of Energy ("DOE") issued under a view of its emergency powers that this Court rejected in *People of the*

*State of Michigan v. U.S. Department of Energy*, 191 F.4th 677 (D.C. Cir. 2026) ("*Michigan v. DOE*").

Craig Petitioners have appealed each such order, including the one at issue here: Order No. 202-25-14. They agreed to hold this appeal in abeyance pending this Court's panel decision in *Michigan v. DOE* but, in doing so, Craig Petitioners stated they "expect[ed] that briefing w[ould] move promptly thereafter." Unopposed Mot. for Abeyance 1–2, ECF No. 2176665. This Court held the case in abeyance and directed the parties to file motions to govern future proceedings "within 60 days of this court's disposition of No. 25-1159, et al., *People of the State of Michigan v. U.S. Dep't of Energy*." Order, ECF No. 2177557. On September 11, 2026, this Court issued its decision in *Michigan v. DOE*, rejecting DOE's legal theory of its Section 202(c) powers. This motion is filed within 60 days of that decision.

DOE asks this Court to keep this appeal in abeyance pending the outcome of its rehearing petition in *Michigan v. DOE*. The other petitioners do not oppose that timeline. But further delay would harm Craig Petitioners. They have incurred substantial costs, operational burdens, and ongoing constitutional injuries while complying with orders

directed specifically at them. Rehearing petitions are rarely granted, and DOE's rolling 90-day orders mean the harm continues no matter what happens to any single order. Each month of delay lets DOE keep winning by losing slowly.

This Court should lift the abeyance and set a briefing schedule. In the alternative, if the Court is inclined to hold this case in abeyance, the Court should allow Craig Petitioners to sever the Tri-State/PRPA appeal from the consolidated appeals and proceed independently under a separate briefing schedule.

## BACKGROUND

In the last year and a half, Respondents have issued at least 30 "emergency" orders concerning seven generation facilities pursuant to their expansive and novel interpretation of Section 202(c) of the Federal Power Act. Each of DOE's Section 202(c) orders has been appealed and is pending in either this Court or the Ninth Circuit.[1]

At issue here is DOE Order No. 202-25-14, which DOE issued on December 30, 2025. Craig Petitioners, the State of Colorado, and three

---

[1] Craig Petitioners have three such appeals pending in this Court challenging Section 202(c) orders. This motion to govern concerns the first appeal.

public interest organizations (the Sierra Club, Vote Solar, and the Environmental Defense Fund) sought rehearing. DOE denied these requests by operation of law on March 2, 2026. Colorado and the organizations appealed this denial on March 18, 2026.[2] Craig Petitioners appealed this denial on April 29, 2026.[3] On May 4, 2026, this Court ordered consolidation of the three appeals of DOE Order No. 202-25-14.

On June 4, 2026, Respondents filed an unopposed motion to hold these cases in abeyance until a decision was rendered in *Michigan v. DOE*.[4] Craig Petitioners consented on the understanding that, should this Court's decision on that appeal reject DOE's interpretation of Section 202(c), the decision would be controlling. Even so, Craig Petitioners made clear they "[did] not oppose [DOE's] proposal" to hold the case in abeyance "pending the decision in [*Michigan*]" but expressly "expect[ed]

---

[2] *See State of Colorado v. U.S. Dep't of Energy*, No. 26-1059 (D.C. Cir. 2026); *Sierra Club v. U.S. Dep't of Energy*, No. 26-1060 (D.C. Cir. 2026).

[3] *See Tri-State Generation and Transmission Ass'n v. U.S. Dep't of Energy*, No. 26-1101 (D.C. Cir. 2026).

[4] Unopposed Mot. for Abeyance 1, ECF No. 2176665.

that briefing w[ould] move promptly thereafter."[5] This Court granted the motion on June 8, 2026.

On September 11, 2026, this Court issued its decision in *Michigan v. DOE*, rejecting Respondents' interpretation of Section 202(c) under which Order No. 202-25-14 was issued and vacating the disputed Section 202(c) order. 191 F.4th at 698. Respondents nevertheless continued issuing Section 202(c) orders predicated on the same theory this Court rejected: one on September 11, two on September 18, and a fourth Craig order on September 25, 2026.[6] DOE has since petitioned for rehearing en banc in *Michigan*, and the Court has directed a response by November 17, 2026. Pet. for Reh'g En Banc, *Michigan v. DOE*, No. 25-1159 (D.C. Cir. Oct. 26, 2026), ECF No. 2200371; Order, *Michigan v. DOE*, No. 25-1159 (D.C. Cir. Nov. 2, 2026), ECF No. 2201287.

---

[5] *Id.* at 1–2.

[6] *See In re Craig Order No. 202-26-49*, Req. for Reh'g of Tri-State Generation and Transmission Ass'n & Platte River Power Auth. (Oct. 23, 2026); *see generally* Federal Power Act Section 202(c): *Craig Order No. 202-26-49*, U.S. Dep't of Energy, https://www.energy.gov/ceser/federal-power-act-section-202c-craig-order-no-202-26-49-0 (last visited Nov. 10, 2026).

## ARGUMENT

Craig Petitioners respectfully request that this Court either remove the consolidated cases from abeyance and issue a briefing schedule to ensure that the consolidated cases are heard promptly, or allow Craig Petitioners to sever their case and proceed independently. Postponing consideration of a matter on the merits causes harmful delay when the party challenging the rule is burdened by unlawful regulation. *See Natural Res. Def. Council v. EPA*, 859 F.2d 156, 197 (D.C. Cir. 1988); *see also Omnipoint Corp. v. FCC*, 78 F.3d 620, 631 (D.C. Cir. 1996) (upholding "expedition of the rulemaking proceeding . . . to reduce the harm resulting from delay" when stay of proceeding had chilling effect on investment). An abeyance is particularly disfavored when a court has already held that the challenged policy is unlawful. *See National Indus. for the Blind v. Department of Veterans Affairs*, 296 F. Supp. 3d 131, 140 (D.D.C. 2017) ("This Court has little doubt that the [agency's] unabated implementation of the . . . policy that Plaintiffs seek to challenge during the pendency of a prolonged appeals process qualifies as damage, and in this Court's view, it creates more than a fair possibility that the proposed delay in the instant litigation will harm Plaintiffs'

interests.”). Likewise, a claim may be severed when a failure to sever would prejudice the moving party, cause delay, or confuse the factfinder. *Accord also Olivier Plantation, LLC v. St. Bernard Parish*, 744 F. Supp. 2d 575, 580 (E.D. La. 2010) (severing case where inclusion in federal litigation would create delay and prejudice as to consideration of plaintiffs’ Takings claims); *Garcia v. Hatchet Works Corp.*, 659 B.R. 626, 633 (E.D.N.Y. 2024) (severing third-party action when not doing so would delay resolution of plaintiff’s personal-injury claim).

DOE’s pending rehearing petition does not justify more delay. Craig Petitioners agreed to abeyance pending this Court’s decision in *Michigan*, not pending en banc proceedings. If rehearing is granted, this Court can adjust the schedule then; if it is denied, the parties will not have lost months for nothing. And although DOE contends that *Michigan* reviewed only a single order, it resolves the controlling legal question; any order-specific issues are what merits briefing is for. A party seeking a stay “must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else.” *Landis v.*

*North Am. Co.*, 299 U.S. 248, 255 (1936). DOE cannot make that showing here.

Craig Petitioners continue to suffer unique and immediate harms from the perpetual uncertainty about the long-term scope of DOE's Section 202(c) authority and the orders issued pursuant to it. These realities favor the expeditious resolution of this appeal.

*First*, Craig Petitioners, as utilities engaged in electric generation, plan their operations and business investment on extended time horizons. DOE's orders upend carefully developed business and retirement plans, forcing Craig Petitioners to make operational, staffing, fuel, water, and capital-allocation decisions against a backdrop of recurring (and seemingly unending) 90-day extensions and continuing regulatory uncertainty. Although the orders themselves have a destabilizing effect on Craig Petitioners' businesses, an additional layer of uncertainty is created when Craig Petitioners do not know whether to plan for the continuous extension of these orders, or whether they will be temporary. It is effectively impossible for Craig Petitioners to engage in long-term planning under these conditions.

While Craig Petitioners did not oppose Respondents' initial motion to hold this case in abeyance, they did so with the understanding that it would proceed promptly after this Court issued its decision in *Michigan v. DOE*. This Court has issued that decision. Further delay is unwarranted and impacts Craig Petitioners' business operations.

*Second*, Craig Petitioners suffer real financial injury. Craig Petitioners continue to incur substantial costs to comply with orders that this Court has already held to be based on an unlawful interpretation of the Federal Power Act.

*Third*, Craig Petitioners suffer ongoing constitutional injuries. The Section 202(c) orders constitute effective commandeering of Craig Petitioners' property, both the Craig facility itself and its supplies of water and coal. Diminishing coal reserves and water shortages in the area surrounding Craig Station threaten the operability of the entire station, not just Craig Unit 1. These are significant harms that Respondents have repeatedly declined to account for, both in this motion and in their continued issuance of new Section 202(c) orders.

Nor does the expiration of the challenged order diminish these harms. DOE has replaced each Craig order with another resting on the

same claimed emergency and the same reading of Section 202(c); its later orders expressly find that the emergency conditions underlying the first order "continue[]." Order No. 202-26-31 at 3. Ninety-day orders that are reissued as they lapse are the paradigm of conduct "capable of repetition, yet evading review." *Weinstein v. Bradford*, 423 U.S. 147, 148–49 (1975) (per curiam). Every month of delay lets DOE keep winning by losing slowly.

## CONCLUSION

Craig Petitioners thus ask this Court to remove the consolidated cases from abeyance and set a briefing schedule pursuant to Fed. R. App. P. 31(a)(1) and Circuit Rule 31(a). In the alternative, if the Court is inclined to hold this case in abeyance, the Court should allow Craig Petitioners to sever Case No. 26-1101, and similarly set a briefing schedule for the severed case pursuant to Fed. R. App. P. 31(a)(1) and Circuit Rule 31(a).

Respectfully submitted,

<u>*/s/ Michelle S. Kallen*</u>
Michelle S. Kallen
Jennifer Quinn-Barabanov
Steptoe LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036
(202) 429-8027
mkallen@steptoe.com
*Counsel for Tri-State Generation and Transmission Association, Inc.*

<u>*/s/ Jennifer Hammitt*</u>
Jennifer Hammitt
Director of Legal Affairs
Sarah Leonard
General Counsel
2000 E. Horsetooth Road
Fort Collins, CO 80526
Tel: (970) 226-4000
*Counsel for Platte River Power Authority*

November 10, 2026

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1,718 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century.

*/s/ Michelle S. Kallen*
Michelle S. Kallen
*Counsel for Tri-State Generation and Transmission Association, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2026, a copy of the foregoing was filed using the Court's ECF system with the Clerk of Court for the U.S. Court of Appeals for the District of Columbia Circuit. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*/s/ Michelle S. Kallen*
Michelle S. Kallen
*Counsel for Tri-State Generation and Transmission Association, Inc.*